IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SPECIALTY RESTAURANT EQUIPMENT INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:16-cv-00607 |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Lloyds Insurance Company files this Notice of Removal under 28 U.S.C. § 1446(a) and states:

### I.
### INTRODUCTION

1. Plaintiff is S.R.E. Specialty Restaurant Equipment, Inc. ("Plaintiff"), incorrectly identified in Plaintiff's Original Petition and Rule 194 Disclosure Request ("Petition") as "Specialty Restaurant Equipment, Inc." Defendant is The Travelers Lloyds Insurance Company ("Defendant").

2. On June 8, 2016, Plaintiff filed suit against Defendant in the 141st Judicial District Court for Tarrant County, Texas – Cause Number 141-285903-16, seeking to recover more than $1,000,000 in alleged damages.

3. Defendant was served with Plaintiff's Petition on June 13, 2016. Defendant thus files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action was filed is located in this District.

## II.
## BASIS FOR REMOVAL

5.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees). These two conditions are clearly satisfied in this matter.

### A.     Citizenship of the Parties

6.      Plaintiff is a Texas corporation with its principal place of business in Tarrant County, Texas.[1] Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

7.      A Lloyds plan is an unincorporated association. And, for diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the association.[2] The members of a Lloyds plan are the underwriters alone.[3]

8.      The Lloyds plan named as Defendant in this action – The Travelers Lloyds Insurance Company – is an unincorporated association of twelve underwriters. The domiciliary state for all twelve underwriters is Connecticut. Defendant is thus a citizen of Connecticut for diversity jurisdiction purposes.[4]

---

[1]  *See* Plaintiff's Petition at 1.

[2]  *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

[3]  *See id.* ("[W]e look only to the citizenship of the underwriters to determine whether diversity jurisdiction exists."); *Massey v. State Farm Lloyds Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.").

[4]  *See Rappaport v. State Farm Lloyds,* No. 3:97–CV–2747, 1998 WL 249211, *2 (N.D. Tex. May 8, 1998) ("Because the Court finds that State Farm Lloyds is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED."); *Massey*, 993 F. Supp.at 570 ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332.").

9. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Connecticut, there is complete diversity of citizenship between the parties for purposes of 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

10. Defendant's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied if it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees.[5]

11. Here, Plaintiff's Petition states that Plaintiff seeks monetary relief exceeding $1,000,000 in this action.[6] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

12. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal is proper under 28 U.S.C. § 1332(a).

### III.
### CONCLUSION

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas promptly after the filing of this Notice.

14. As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

   a.   an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in

---

[5]   *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[6]   *See* Plaintiff's Petition at 1 (stating that "Plaintiff seeks monetary relief over $1,000,000.00.").

state court;

    b.    a copy of the docket sheet in the state court action;

    c.    each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d.    a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

15.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

16.    For the foregoing reasons, Defendant hereby provides notice that this action is duly removed.

                      Respectfully submitted,

By: */s/ James W. Holbrook, III*
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Tyler J. McGuire
    Texas Bar No. 24098080
    tmcguire@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that, on June 29, 2016, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

F. Blake Dietzmann
Rick Gonzales
LAW OFFICES OF F. BLAKE DIETZMANN
2317 North Main Street
San Antonio, TX  78212
Telephone:    210-732-9900
Facsimile:    210-732-9919
E-Mail:  rickgol@sbcglobal.net
***Attorneys for Plaintiff***

                                                 */s/ James W. Holbrook, III*
                                                 James W. Holbrook, III