# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SPECIALTY RESTAURANT               §
EQUIPMENT INC.,                     §
                                    §
        Plaintiff,                  §
                                    §
vs.                                 §      CIVIL ACTION NO.  4:16-cv-00607
                                    §
THE TRAVELERS LLOYDS                §
INSURANCE COMPANY,                  §
                                    §
        Defendant.                  §

## EXHIBIT A

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

    a. Plaintiffs' Original Petition and Rule 194 Disclosure Request
       Filed:      June 8, 2016

    b. Return of Service of Citation on Defendant The Travelers Lloyds Insurance Company
       Served:   June 13, 2016
       Filed:      June 16, 2016

    c. Defendant's Answer to Plaintiffs' Original Petition
       Filed:      June 23, 2016

    d. Letter from Court re Hearing on 07/29/2016 @ 9:30 a.m.
       Filed:      June 24, 2016

# Exhibit A-1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SPECIALTY RESTAURANT EQUIPMENT INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO.  4:16-cv-00607 |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, | § § § | |
| Defendant. | § § § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

1. Plaintiff's Original Petition and Rule 194 Disclosure Request
   Filed:          June 8, 2016

2. Return of Service of Citation on Defendant The Travelers Lloyds Insurance Company
   Served:        June 13, 2016
   Filed:          June 16, 2016

3. Defendant's Answer to Plaintiff's Original Petition
   Filed:          June 23, 2016

4. Letter from Court re Hearing on 07/29/2016 @ 9:30 a.m.
   Filed:          June 24, 2016

# Exhibit A-2



## Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | | | | | 6/29/16 11:11 AM |

Cause Number:        141-285903-16                                   Date Filed: 06-08-2016

SPECIALTY RESTAURANT           | VS |           THE TRAVELERS LLOYDS
EQUIPMENT, INC.                                                INSURANCE COMPANY

Cause of Action:      CONTRACT, CONSUMER/DTPA

Case Status:           PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 06-08-2016 | PLTF'S ORIG PET & R194 DISCL REQ | N | I | 284.00 | |
| 06-08-2016 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 06-08-2016 | SVC REQ FORM | I | | | 0.00 |
| 06-08-2016 | COPIES - SENT TO DOC PROD | N | | 5.95 | |
| 06-08-2016 | COURT COST (PAID) trans #4 | Y | | | 5.95 |
| 06-08-2016 | JURY FEE | N | | 40.00 | |
| 06-08-2016 | COURT COST (PAID) trans #6 | Y | | | 40.00 |
| 06-08-2016 | CIT Cert Mail-ISSUED ON THE TRAVELERS LLOYDS INSURANCE COMPANY-On 06/09/2016 | N | Svc | 83.00 | |
| 06-08-2016 | COURT COST (PAID) trans #8 | Y | | | 83.00 |
| 06-08-2016 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 06-08-2016 | COURT COST (PAID) trans #10 | Y | | | 2.00 |
| 06-16-2016 | CIT Cert Mail Tr# 8 RET EXEC(THE TRAVELERS LLOYDS INSURANCE COMPANY) On 06/13/2016 | I | | | 0.00 |
| 06-23-2016 | DEFN'S ORIG ANS (TRAVELERS LLOYDS INC CO) | I | | | 0.00 |
| 06-23-2016 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 06-23-2016 | COURT COST (PAID) trans #14 | Y | | | 2.00 |
| 06-24-2016 | LTR FROM THE CT- HRG 07/29/2016 @9:30AM | I | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

# Exhibit A-3

# Exhibit A-3-a

FILED
TARRANT COUNTY
6/8/2016 5:22:14 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____141-285903-16_____

| | | |
|---|---|---|
| **SPECIALTY RESTAURANT EQUIPMENT INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY** | § | |
| | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND RULE 194 DISCLOSURE REQUEST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Specialty Restaurant Equipment, Inc. ("SRE"), and files this Original Petition against The Travelers Lloyds Insurance Company ("Travelers"), and in support thereof, would show as follows:

### I. DISCOVERY LEVEL:

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. CLAIM FOR RELIEF:

Plaintiff seeks monetary relief over $1,000,000.00. (Tex. R. Civ. P. 47(c)(5)

### III. VENUE:

Venue is appropriate in Tarrant County, Texas because all or part of the causes of action occurred in Tarrant County, Texas, and the Plaintiff and properties, which are the subject of this suit, are located in Tarrant County, Texas.

### IV. PARTIES:

Plaintiff, is a Texas corporation, operates within the State of Texas in the business of specialty restaurant equipment in Tarrant County, Texas.

l

Defendant, The Travelers Lloyds Insurance Company, is a domestic property and casualty insurance carrier that provides insurance coverage in the State of Texas. Defendant Travelers, may be served with process by serving its Registered Agent, ***Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 by Certified Mail Return Receipt Requested***.

## V. AGENCY & RESPONDEAT SUPERIOR:

Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

## VI. NATURE OF THE CASE; RELIEF SOUGHT:

This is a First-Party insurance coverage case stemming from extensive damage to Plaintiff's multiple buildings caused by a hail storm that struck Tarrant, County, Texas on or about May 24, 2011. Plaintiff, SRE, seeks a declaration that its property and consequential losses are covered under the policy of insurance issued by Defendant, Travelers. Plaintiff seeks damages for breach of contract, violation of the common law duty good faith and fair dealings, violations of the Texas DTPA, and violations of the Texas Insurance Code. Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest.

## VII. BACKGROUND FACTS:

Plaintiff owns multiple buildings in Tarrant County, Texas, including, but not limited to, 941 Ave. G., Arlington, Texas, 824 Ave. H., Arlington, Texas and 1121 E. Ave. J, Grand Prairie, Texas, (the "Buildings"), made the subject of this lawsuit. Defendant, Travelers, sold a policy to Plaintiff, Policy Number: ILPACP-6652R96A, (the "Policy"), with effective from 01/01/2011 – 01/01/2012.   The Policy covered Plaintiff's Buildings against damages resulting from hail. On or about May 24, 2011, a

2

hail storm struck Tarrant County Texas.  As a result of the hail storm, Plaintiff's Buildings sustained extensive damage and Plaintiff promptly reported the damages to Defendant, Travelers, who assigned Claim Number: EUR6835, to Plaintiff's claim.

Plaintiff has performed all conditions precedent to its recovery under the Policy.  Plaintiff gave timely notice to Defendant, Travelers.  Thereafter, Defendant, Travelers, assigned adjuster, Renay Blaze, ("Blaze"), to investigate and adjust the losses.  On or about September 28, 2012, Defendant, Travelers, retained Roof Technical Service, Inc. to inspect 941 Ave. G.  Roof Technical Service, Inc. concluded the following, *"There is physical evidence of hail impact to the roof at this location and it is consistent with the meteorological data." "The aluminum roof coating has been compromised in several places, and the roof surface should be resurfaced applying new aluminum coating."*  Based on Roof Technical Services, Inc.'s conclusions, on or about January 1, 2013, Defendant, Travelers, determined the RCV at $40,854.07 and after deducting depreciation and deductible the ACV at $32,674.68.  Thereafter, Defendant, Travelers sent Plaintiff a check in the approximate ACV amount of $32,674.68 for the damages to 941 Ave. G.  In addition to the $32,674.68 check, Defendant, Travelers, sent Plaintiff at least (2) additional checks, totaling approximately $247,000 for the damages to 941 Ave. G.  Plaintiff received the last check on or about January 22, 2015 in the approximate amount of $135,000 for the damages to 941 Ave. G.  Defendant, Travelers, has denied the damages to 824 Ave. H. and 1121 E. Ave. J.  On or about July 24, 2015, Plaintiff's attorney, The Law Office of F. Blake Dietzmann, sent Defendant, Travelers, a DTPA demand letter in excess of $8,000,000 for the damages to Plaintiff's Buildings.

## VIII. BREACH OF CONTRACT

Defendant, Travelers, breached the contract of insurance by failing to pay policy benefits to the Plaintiff for all the covered losses and failing to conduct a thorough investigation of Plaintiff's

Buildings.  Defendant, Travelers, further breached the contract with Plaintiff, including, but not limited to the following:

Defendant, Travelers, breached the contract with Plaintiff, by failing to pay Plaintiff policy benefits, after Defendant, Travelers, liability was clear.  Defendant, Travelers, retained Stephen L. Patterson, P.E., R.R.C., Roof Technical Services, on or about September 28, 2012.  Mr. Patterson's report dated November 30, 2012 concluded the *"aluminum roof coating has been compromised in several places, and roof service should be resurfaced applying new aluminum coating"*.  Defendant, Travelers, did not issue Plaintiff a check for the aluminum roof coating, $32,674.68 (ACV), until approximately (2) months later, January 31, 2013.

Defendant, Travelers breached the contract on or about January 23, 2014 by failing to include in Travelers estimate, and pay Plaintiff for Removing and Replacing the ½" Fiberglass insulation as observed and documented on November 30, 2012, by Mr. Patterson, Roof Technical Services, *"The front section has three layers of built-up asphalt roof installed over one layer of ½-inch fiberglass insulation, which was adhered to the concrete deck with hot asphalt."*  Defendant, Travelers, did not include the Removal and Replacing of the ½" Fiberboard insulation in their estimate until January 2, 2015, and did not pay Plaintiff for same until January 2015.

Defendant, Travelers, breached the contract with Plaintiff, by improperly applying "Depreciation" to labor, as evidenced by Defendant, Travelers, estimates for 941 Ave. G. Defendant, Travelers, wrongful deduction of depreciation for labor, include, but are limited to, Travelers April 16, 2013 estimate, page 3, "R&R Aluminum coating, RCV $28,242,.24, Depreciation ($6,632.23) = ACV $21,610.01", Travelers, January 23, 2014 estimate, page 3, "R&R Built-up 5 ply roofing, RCV $233,010.87, Depreciation ($172,153.92) = ACV $60,856.95", R&R Aluminum coating, RCV $29,350.40, Depreciation ($17,557.83) = ACV $11,792.57, and Defendant, Travelers, January 2, 2015 estimate, page 3, "R&R Aluminum coating, RCV $43,750.32, Depreciation ($30,534.08) = ACV

$13,216.24", R&R Fiberboard – ½", RCV $63,437.98, Depreciation ($39,193.00) = ACV $224,244.98", R&R Built-up 3 ply roofing – in place, RCV $199,545.18, Depreciation ($99,301.07) = ACV $100,244.11",  and Travelers, January 2, 2015 estimate page 4, Painter-per hour (Three man crew 1 week), RCV $7,586.68, Depreciation ($4,214.82), ACV $3,371.86.

Defendant, Travelers, breached the contract with Plaintiff, by failing to pay Plaintiff "Overhead & Profit" as evidenced by Defendant, Travelers, April 16, 2013 estimate and January 23, 2014 estimate.  Defendant, Travelers, included "Overhead & Profit" on Travelers estimate dated January 2, 2015, approximately (2) years from when Travelers issued Plaintiff the first check in the amount of $32,674.68.  Said check according to Travelers "Statement of Loss" was issued January 1, 2013.

Defendant, Travelers, breached the contract with Plaintiff, by failing to conduct a thorough investigation of Plaintiff's Buildings.  Defendant, Travelers, failed to inspect the damages to the interior of 941 Ave. G, as evidenced by Roof Technical Services November 20, 2012 report, stating *"No leaks associated with the loss were reported, and no interior observations were made."*

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.  According to the insurance policy that Plaintiff purchased, Defendant, Travelers, has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a hail storm. As a result of a May 2011, hail storm and/or ensuing losses from May 2011 hail storm, both of which are covered perils under the Policy, Plaintiff's Buildings have been damaged.

Defendant, Travelers, failure and refusal, as described above, to pay for all of the covered damages as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, as well as Defendant, Travelers, failure to comply with the terms and conditions of the policy, constitute breaches of Defendant, Travelers, contract with Plaintiff.  As a result of

Defendant, Travelers breach of contract, Plaintiff has suffered the damages described herein and is entitled to attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

## IX. Violation of Section 542 of Texas Insurance Code

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action.

Defendant, Travelers' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.

Defendant, Travelers, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's losses, beginning the investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. Defendant, Travelers', conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Defendant, Travelers, failed to accept or deny Plaintiff's full and entire loss within the time period mandated by statute. Defendant, Travelers, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendant, Travelers, failed to meet its obligations under Chapter 542 of the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant, Travelers, has delayed full payment of Plaintiff's claim longer than allowed, as evidenced by Defendant, Travelers, delay of issuance of the January 1, 2013 check in the ACV amount of $32,674.68 for the damages to 941 Ave. G, that were observed and documented by Travelers engineer, Stephen Patterson, of Roof Technical Services, on November 30, 2012.  In addition, Defendant, Travelers, breached Chapter 542 of the Texas Insurance Code by Travelers delay of full payment of Plaintiff's claim, further evidenced by Travelers issuance of the February 5, 2014 check in ACV amount of $112,333.03 and the approximate ACV payment of $135,000 on or about January 22, 2015, for the damages to 941

Ave. G, that Defendant, Travelers, owed on or about January 1, 2013.  To date, Plaintiff has not received full payment for its claim. Defendant, Travelers', conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

Defendant, Travelers, forced Plaintiff to file this lawsuit by offering substantially less than the amount of covered damages and/or denying the loss in violation of Tex. Ins. Code Sec. 542.003(b)(5).

In addition, in the event it is determined that Defendant, Travelers' owes Plaintiff any additional monies on Plaintiff's claim, then Defendant, Travelers' have automatically violated Section 542 in this case.

## X. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action. By its acts, omissions, failures and conduct, Defendant, Travelers, has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant, Travelers, has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant, Travelers, knew or should have known that it was reasonably clear that the claim was covered.  When Defendant, Travelers, and its agents engaged in the acts and omissions stated in this petition and visited and inspected Plaintiff's Buildings, in connection with Plaintiff's property damage, Defendant, Travelers, knew or should have known that Plaintiff had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policy.  Defendant, Travelers, also knew there were substantial covered losses, that would require substantial monies to be paid by Travelers.  Nonetheless, Defendants, Travelers, denied, delayed, and failed to pay and properly

investigate some or all of Plaintiff's covered losses with no reasonable basis. Defendant, Travelers has failed to act promptly or to conduct a good faith investigation, as evidenced by Travelers, April 16, 2013 estimate in the ACV amount of $33,674.68 for re-coating Plaintiff's roof, Travelers January 23, 2014 estimate in the ACV amount of $146,007.71 that fails to leave out Overhead and Profit, and Travelers January 2, 2015 estimate, prepared over (2) years from Travelers' engineer's report, dated November 30, 2012, in the ACV amount of $279,750.78, which includes Overhead and Profit. These acts, omissions, failures, and conduct of Defendant, Travelers constitute a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith" and are the proximate cause of Plaintiff's damages.

Moreover, Defendant, Travelers, has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damages to its Buildings as a result of Defendant, Travelers', acts and omissions and Defendant, Travelers, is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

## XI. UNFAIR INSURANCE PRACTICES

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant, Travelers, under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendants, Travelers, engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant, Travelers', unreasonable delays in the

investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's Buildings on which liability had become reasonably clear. They further include Defendant, Travelers', failure to give Plaintiff the benefit of the doubt.   Defendant, Travelers, violations Chapter 541 of the Texas Insurance Code, include, but are not limited to, the following unfair insurance practices:

Defendant, Travelers, conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

Defendant, Travelers, has failed or unreasonably delayed to explain the reasons for its failure to pay Plaintiff's loss. Defendant, Travelers, has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

Defendant, Travelers, unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, as evidenced by Defendant, Travelers, April 16, 2013 estimate in the ACV amount of $33,674.68 to re-coat Plaintiff's roof, the Travelers January 23, 2014 estimate in the ACV amount of $146,007.71 that fails to leave out Overhead and Profit from its estimate and the final Travelers estimate in the ACV amount of $279,750.78, including Overhead and Profit, dated January 2, 2015, which was prepared over (2) years from Travelers' engineer's report, dated November 30, 2012.   Tex. Ins. Code §541.060(a)(1).

Defendant, Travelers, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers liability under the Policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

Defendant, Travelers, unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

Defendant, Travelers refused to fully compensate Plaintiff under the terms of the policy and Defendant, Travelers failed to conduct a reasonable investigation. Defendant, Travelers, performed inadequate and outcome-oriented investigations of Plaintiff's losses, which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses, with the purpose to create a false pretext for Defendant, Travelers, to underpay the covered loss, as evidenced by Defendant, Travelers, April 16, 2013 estimate in the ACV amount of $33,674.68 to re-coat Plaintiff's roof, the Travelers January 23, 2014 estimate in the ACV amount of $146,007.71 that fails to leave out Overhead and Profit from its estimate and the final Travelers estimate in the ACV amount of $279,750.78, including Overhead and Profit, dated January 2, 2015, which was prepared over (2) years from Travelers' engineer's report, dated November 30, 2012.   In addition, Defendant, Travelers, irresponsible and unconscionable conduct, in violation of the Texas Insurance Code, is further evidenced in the estimates prepared by Travelers dated, 4/16/2013, 1/23/2014, and 1/2/2015, wherein Defendant, Travelers, improperly applied "Depreciation" to labor. This conduct constitutes an unfair method of competition and an unfair and deceptive act or practice in violation of Tex. Ins. Code Sec. 541.060(a)(7).

Defendant, Travelers, unfair settlement practice, as described above, of failing to handle or process the Plaintiff's claims in good faith; is in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988).

Defendant, Travelers, conduct was irresponsible, unconscionable, a violation of the Texas Insurance Code and took advantage of Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree.

From and after the time Plaintiff's claim was presented to Defendant, Travelers, the liability of Defendant, Travelers, to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant, Travelers, has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant, Travelers, conduct constitutes a breach of the common law duty of good faith and fair dealing.

Where statements were made by Defendant, Travelers, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts, omissions, were done "knowingly" as that term is used in the Texas Insurance Code, entitling Plaintiff to seek treble damages pursuant to the Texas Insurance Code. Defendant, Travelers, has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty incurred as a result of these violations.

## XII. DTPA VIOLATIONS

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.  Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant, Travelers, under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant, Travelers, pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing these causes of action against Defendant. Specifically, Defendant, Travelers' violations of the DTPA include, without limitation, the following:

Defendants, Travelers' intentional/knowing acts, omissions, failures, and conduct that are described in this petition, Defendant, Travelers, has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's hail claim, as evidenced by Defendant, Travelers, April 16, 2013 estimate in the ACV amount of $33,674.68 to re-coat Plaintiff's roof, the Travelers January 23, 2014 estimate in the ACV amount of $146,007.71 that fails to leave out Overhead and Profit from its estimate and the final Travelers estimate in the ACV amount of $279,750.78, including Overhead and Profit, dated January 2, 2015, which was prepared over (2) years from Travelers' engineer's report, dated November 30, 2012, and Defendant, Travelers', failure to give Plaintiff the benefit of the doubt. In addition, Defendant, Travelers, has violated the DTPA by its failure to pay for the proper repair to Plaintiff's Buildings, for the damages resulting from the May 2011 hail storm.

As described in this petition, Defendant, Travelers, represented to Plaintiff that its insurance policy and its adjusting and investigative services had characteristics or benefits that it did not have, as evidenced by Defendant, Travelers, April 16, 2013 estimate in the ACV amount of $33,674.68 to re-coat Plaintiff's roof, the Travelers January 23, 2014 estimate in the ACV amount of $146,007.71 that fails to leave out Overhead and Profit from its estimate and the final Travelers estimate in the ACV amount of $279,750.78, including Overhead and Profit, dated January 2, 2015, which was prepared over (2) years from Travelers' engineer's report, dated November 30, 2012. Defendant, Travelers, violations of the Texas Deceptive Trade Practices Act, are further evidenced in the estimates prepared by Travelers dated, 4/16/2013, 1/23/2014, and 1/2/2015, wherein Defendant, Travelers, improperly applied "Depreciation" to labor. Defendant, Travelers, conduct and violations give Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

Furthermore, as described in this petition, Defendant, Travelers, represented to Plaintiff that its insurance policy, its adjusting and investigative services were of a particular standard, quality, or grade when they were of another, as evidenced by Defendant, Travelers, April 16, 2013 estimate in the ACV amount of $33,674.68 to re-coat Plaintiff's roof, the Travelers January 23, 2014 estimate in the ACV amount of $146,007.71 that fails to leave out Overhead and Profit from its estimate and the final Travelers estimate in the ACV amount of $279,750.78, including Overhead and Profit, dated January 2, 2015, which was prepared over (2) years from Travelers' engineer's report, dated November 30, 2012. Defendant, Travelers, violations of the Texas Deceptive Trade Practices Act, are further evidenced in the estimates prepared by Travelers dated, 4/16/2013, 1/23/2014, and 1/2/2015, wherein Defendant, Travelers, improperly applied "Depreciation" to labor. Defendant, Travelers, conduct and violations give Plaintiff the right to recover under Section 17.46 (b)(7) of the DTPA.

## XIII. KNOWLEDGE

All of the above-described acts, omissions, and failures of Defendant, Travelers, were a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant, Travelers, was done "knowingly" as that term used in the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

## XIV. CONDITIONS PRECEDENT:

All conditions precedent for Plaintiff to recover under the policy has been or will be met. All notices of loss were timely and properly given to Defendant, Travelers, in such manner as to fully comply with the terms and conditions of the relevant insurance policy or other contracts and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requests, Defendant waived them. Defendant is estopped from asserting them, and/or the Plaintiff substantially complied with them, or is excused. Plaintiff makes the same allegation of waiver or

estoppel, as to every defense or exclusion plead by Defendant, as to each claim for breach of contract or statutory violation as to Defendants.

In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

- The clear and unambiguous language of the policy provides coverage for damage to the Property caused by wind, hail and water damage and damages resulting therefrom;

- In the alternative, any other construction of the language of the policy is void as against public policy;

- Any other construction and its use by the Defendant, violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

- Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

- In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policy mandate the construction and interpretation urged by Plaintiff;

- In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

- In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## XV. JURY DEMAND:

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury. Plaintiff tenders the appropriate jury fee with the filing of this Original Petition.

## XVI. REQUEST FOR DISCLOSURE:

Pursuant to Texas Rule of Civil Procedure 194.2 Plaintiff requests that you Defendant, Travelers, disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

14

### PRAYER

**WHEREFORE**, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the Property, (Buildings), less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against Defendant, Travelers, for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D. Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E. Damages against Defendant, Travelers, for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, pre- and post-judgment interest, other litigation expenses and costs of court and reasonable and necessary attorneys' fees;

F. Damages against Defendant, Travelers, for violations of the Texas DTPA;

G. Damages against Defendant, Travelers, for breach of common law duty of good faith and fair dealing, including actual damages, pre- and post-judgment interest, exemplary damages, other litigation expenses, and costs of court; and

H. Plaintiff also seeks all other relief and rulings to which it may be legally or equitably entitled to.

Respectfully submitted,

LAW OFFICE OF F. BLAKE DIETZMANN

By: _____

F. Blake Dietzmann
State Bar No.  00795321
Rick Gonzales
State Bar No. 24045955
2317 N. Main
San Antonio, Texas 78212
PH: (210) 732-9900
F: (210) 732-9919
EMAIL: rickgo1@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED SPECIALTY RESTAURANT EQUIPMENT, INC. V. THE TRAVELERS LLOYDS INSURANCE COMPANY
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** F. BLAKE DIETZMANN  **Email:** rickgo1@sbcglobal.net | **Plaintiff(s)/Petitioner(s):** SPECIALTY RESTAURANT EQUIPMENT, INC. | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Address:** 2317 N. MAIN  **Telephone:** 210-732-9900 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** SAN ANTONIO, TX 78212  **Fax:** 210-732-9919 | **Defendant(s)/Respondent(s):** THE TRAVELERS LLOYDS INSURANCE COMPANY | **Custodial Parent:**  **Non-Custodial Parent:** |
| **Signature:** *[signature]*  **State Bar No:** 00795321 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☒ Other Debt/Contract: INSURANCE

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☒ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13

Exhibit A-3-b

Cause Number 141-285903-16

SPECIALTY RESTAURANT
EQUIPMENT, INC.                          VS                THE TRAVELERS LLOYDS
                                                               INSURANCE COMPANY

## OFFICER'S RETURN

Received   this   _Citation By Certified Mail_   on   the 9th day of June, 2016     at 9:02 AM ; and   executed   at

_B/S CORP SVC CO-REG AGT 211 E 7TH ST STE 620 AUSTIN TX 78701 3218_ _____

within the county of _____ State of TX on the  13th day of June, 2016     by mailing  to

the within named _THE TRAVELERS LLOYDS INSURANCE COMPANY_   a true copy of this _Citation By Certified Mail_

together with the accompanying copy of:

_PLAINTIFF'S ORIGINAL PETITION AND RULE 194 DISCLOSURE REQUEST_ _____



Authorized Person/Constable/Sheriff: Thomas A. Wilder
                                     100 N CALHOUN
                                     FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By _Kanhu Caut_ _____ Deputy

Fees $  75.00          KARSTIN COURTNEY

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office


(Seal)

                       _____
                       County of Tarrant, State of Texas

*1412859031 6000008*

FILED
TARRANT COUNTY
2016 JUN 16 PM 2:40
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS

## DISTRICT COURT, TARRANT COUNTY

### CITATION                    Cause No. 141-285903-16

SPECIALTY RESTAURANT EQUIPMENT, INC.
VS.
THE TRAVELERS LLOYDS INSURANCE COMPANY

## TO: THE TRAVELERS LLOYDS INSURANCE COMPANY

B/S CORP SVC CO-REG AGT 211 E 7TH ST STE 620 AUSTIN, TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND RULE 194 DISCLOSURE REQUEST at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 141st District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

SPECIALTY RESTAURANT EQUIPMENT INC

Filed in said Court on  June 8th, 2016 Against
THE TRAVELERS LLOYDS INSURANCE COMPANY

For suit, said suit being numbered 141-285903-16 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND RULE 194 DISCLOSURE REQUEST  a copy of which accompanies this citation.

F BLAKE DIETZMANN
Attorney for SPECIALTY RESTAURANT EQUIPMENT INC Phone No. (210)732-99
Address    2317 N MAIN AVE SAN ANTONIO, TX 78212

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 9th day of June, 2016.
By _____Karstin Court_____ Deputy
KARSTIN COURTNEY

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND RULE 194
DISCLOSURE REQUEST  having first endorsed on same the date of delivery.

_____
_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

7014 3490 0000 3306 2572

**U.S. Postal Service™**
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 0.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.52 |

Postmark Here

JUN 95 2016

Sent To
141-285903-16 DP/KC
The Travelers Lloyds Insurance Company
B/S Corp Svc Co-Reg Agt
211 E 7th St Ste. 620
Austin, TX 78701-3218

7014 3490 0000 3306 2572

PS Form

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

141-285903-16 DP/KC
The Travelers Lloyds Insurance Company
B/S Corp Svc Co-Reg Agt
211 E 7th St Ste. 620
Austin, TX 78701-3218

9590 9403 0953 5223 3817 83

2. Article Number (Transfer from service label)
7014 3490 0000 3306 2572

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

FILED
TARRANT COUNTY
2016 JUN 16 PM 2:40
THOMAS A. WILDER
DISTRICT CLERK

---

*CITATION*

Cause No. 141-285903-16

SPECIALTY RESTAURANT EQUIPMENT, INC.

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY

ISSUED

This 9th day of June, 2016

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By    KARSTIN COURTNEY Deputy

F BLAKE DIETZMANN
Attorney for: SPECIALTY RESTAURANT EQUIPM.
Phone No. (210)732-9900
ADDRESS: 2317 N MAIN AVE

SAN ANTONIO, TX 78212

*CIVIL LAW*

*141285903160000008*

Exhibit A-3-c

141-285903-16

FILED
TARRANT COUNTY
6/23/2016 12:19:35 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141-285903-16

| | | |
|---|---|---|
| SPECIALTY RESTAURANT EQUIPMENT INC., | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | TARRANT COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, | § § § § | |
| Defendant. | § | 141st JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S ORIGINAL PETITION

Defendant The Travelers Lloyds Insurance Company ("Defendant") files the following Answer to Plaintiff Specialty Restaurant Equipment Inc.'s ("Plaintiff") Original Petition and Rule 194 Disclosure Request ("Original Petition") and states:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Defendant specifically demands that Plaintiff prove every fact in support of its claims for breach of contract, breach of the duty of good faith and fair dealing, alleged violations of the Texas Insurance Code, and alleged violations of the Texas Deceptive Trade Practices Act by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff prove every fact in support of its claim(s) for exemplary damages by clear and convincing evidence.

---

## II.
## SPECIAL DENIAL

Defendant denies that Plaintiff has satisfied all conditions precedent to the recovery it now seeks under Texas statute, Texas law, and/or Travelers policy number ILPACP-6652R9 ("Policy"). For example, among other unsatisfied conditions precedent, Plaintiff failed to provide Defendant timely written notice of Plaintiff's statutory claims in this matter as expressly required by Section 17.505 of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code, thereby precluding Plaintiff from prevailing on such claims. Plaintiff also failed to properly present its claim for attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, thereby precluding Plaintiff's recovery of any such fees in this action.

Further, to recover under the Policy and/or Texas law, Plaintiff must provide Defendant prompt notice of the physical loss or damage made the basis of its insurance claim and promptly provide Defendant all reasonably requested documentation and/or information necessary for Defendant to investigate and evaluate such alleged loss and/or damage. Plaintiff failed to satisfy these conditions, thereby precluding it from recovering on its claims for relief in this matter.

Discovery in this matter is ongoing and Defendant reserves the right to assert that Plaintiff has failed to meet other conditions precedent set forth under the Policy, Texas statute, and/or Texas law as this litigation proceeds.

## III.
## AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative defenses to the allegations set forth in Plaintiff's Original Petition:

1.      Plaintiff's claims are barred, in whole or in part, because the allegations in Plaintiff's Original Petition fail to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, to the extent this lawsuit was not filed within the applicable statutes of limitations.

3.      Plaintiff's claims are subject to all of the terms, conditions, limitations, and exclusions contained in the Policy, including (without limitation) the Policy's provision(s) regarding (a) the valuation of covered property in the event of loss or damage and (b) payment for loss or damage covered by the Policy.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the applicable policy period (as required by the Policy).

5.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a covered cause of loss (as required by the Policy).

6.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from wear and tear, rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

7.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials, or maintenance.

8.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or

more.

9.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of and/or limited coverage for fungus, wet rot, or dry rot.

10.     Plaintiff's claims are barred, in whole or in part, to the extent of Defendant's prior payment(s) under the Policy, and Plaintiff's recovery under the Policy (if any) must be offset and reduced accordingly.

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

13.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendant has and/or had no control.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, release, unclean hands, unjust enrichment, and accord and satisfaction.

15.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding (a) the existence and/or scope of any covered loss or damage, (b) whether and to what extent any asserted loss or damage was the result of a covered occurrence (or occurrences), (c) the reasonable and necessary

measures to repair any covered loss or damage, and (d) the reasonable and necessary measures to repair any covered loss or damage.

16.     Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons:  (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures;  (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations;  (c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to Defendant from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

17.     Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

18.     Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## PRAYER

Defendant prays that (a) Plaintiff's claim for relief be denied in its entirety, (b) Plaintiff take nothing by way of this lawsuit, and (c) Defendant be granted such other and further relief to which it is justly entitled.


Respectfully submitted,

ZELLE LLP


By:_____/s/ James W. Holbrook, III_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Tyler J. McGuire
    tmcguire@zelle.com
    Texas Bar No. 24098080

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on June 23,

2016 in accordance with the Texas Rules of Civil Procedure as follows:

F. Blake Dietzmann
Rick Gonzales
**LAW OFFICES OF F. BLAKE DIETZMANN**
2317 North Main Street
San Antonio, Texas 78212
Telephone:    210-732-9900
Facsimile:    210-732-9919
E-Mail:  rickgol@sbcglobal.net
***Attorneys for Plaintiff***

*/s/ James W. Holbrook, III*
James W. Holbrook, III

Exhibit A-3-d



**JOHN P. CHUPP**
District Judge
141st Judicial District of Texas
Tom Vandergriff Civil Courts Building
100 N. Calhoun
Ft. Worth, TX 76196-0224

Tina Fett
Official Court Reporter
884-1423

Cydney Grubb
Court Coordinator
884-1992

Date:  June 24,  2016

TO ALL COUNSEL AND PRO SE PARTIES

Re:  141-285903-16 Specialty Restaurant Equipment, Inc. Vs The Travelers Lloyds
Insurance Company

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure the above referenced
Level 3 case has been set for pre-trial hearing at the following date and time for the
purpose of establishing a Discovery Control Plan tailored to the circumstances of this
specific lawsuit:

**Hearing Date: July 29,  2016  @ 9:30 a.m.**

No appearance is necessary at this hearing if prior to the hearing date, the parties submit
an Agreed Discovery Control Plan, setting forth the following deadlines:

**Below is a sample Scheduling Order in a Level 3 case.**

(1) all deadlines required under Rule 190.4(b)(1-4), plus

(2) deadlines for challenges to reliability or qualifications of expert witnesses and any
hearing thereon:

(3) deadline for submission of a Joint Pre-Trial Order **(SEE REVERSE)**:

(4) deadline for exchange of Trial Exhibits and Witness Lists; and

(5) deadline for mediation or objection thereto.

Please contact Cydney Grubb, Court Coordinator, at (817) 884-1992, to obtain a trial date
to include in the Agreed Discovery Control Plan.

_____
John P. Chupp

Copy mailed to each
Attorney of record
On __6/27/16__
Dietzmann; Holbrook

JCT

JOINT PRE-TRIAL ORDER

This Court requires the parties to submit in writing a Joint Pre-Trial Order in Level 3 cases containing the following:

1.    List of parties and counsel with address and telephone number;

2.    A brief statement of the case and contentions of the parties;

3.    List of unresolved motions;

4.    All stipulated facts and all factual issues in controversy necessary for final disposition of the case;

5.    Agreed applicable propositions of law and contested issues of law;

6.    Attach Proposed charge questions, instructions, and definitions for a jury case or proposed findings of fact and conclusions of law for a nonjury case;

7.    Names and addresses of witnesses (fact and expert) who may be used with a brief statement of the subject matter and substance of their testimony.   This list must be supplemented within the time limits imposed by the Texas Rules of Civil Procedure.   Please include and special witness issues or requirements; and

8.    Probable length of trial.